# MAY *v.* LE CLAIRE and others.

*(Circuit Court, S. D. Illinois.   July, 1883.)*

REMOVAL OF CAUSE FROM ONE UNITED STATES CIRCUIT COURT TO ANOTHER.
    Section 615 of the Revised Statutes, authorizing a cause to be transferred
    from one circuit "into the circuit court of the next adjoining state, or the next
    adjoining circuit court," must be construed as giving all the powers necessary
    to the court in order to carry the litigation between the parties into judgment
    or decree.

DRUMMOND, J.   This case was transferred from the circuit court of the United States in Iowa to the circuit court of the United States for the southern district of Illinois, under section 615 of the Revised Statutes.   At the time of the transfer, George L. Davenport, the executor of Antoine Le Claire, had answered the bill.   After the transfer, Davenport resigned as executor, and Louis A. Le Claire was, by the proper court in Iowa, appointed administrator with the will annexed in the place of George L. Davenport, and Le Claire accepted the appointment.   In this court, on the ninth of December last, the parties appeared by their counsel, and it is stated in the record that Davenport had ceased to be executor, and that Louis A. Le Claire had been appointed executor of the estate of Antoine Le Claire in his stead, and that he had accepted such appointment, and thereupon Louis A. Le Claire was made defendant in the cause and a subpœna ordered to issue against him, which, not having been properly served upon him, on the sixteenth of February last another subpœna was directed to be issued to the marshal of the district of Iowa, and that subpœna has been served upon him.   It is objected on the part of the defendant that this action of the court was unauthorized, and that Louis A. Le Claire is not properly in court and subject to its jurisdiction.

Assuming that the case has been brought within the proper rule on the subject, namely, the fifty-sixth rule in equity, and that as to Davenport there was an abatement of the suit, and that it has been revived as to Louis A. Le Claire, the question is whether the court had the right to bring him before it, so that he has become subject to its jurisdiction by the action named; and I am of the opinion that it had.   I agree that the circuit court had no right to issue any process to be executed outside of the district, and particularly in the district of another state, unless authorized by law; but it is not necessary that the authority should be *expressly* given by the act of congress.   It is sufficient, if it can be clearly deduced from the legislation of congress, that it is indispensably necessary in order to carry into effect the action of the court which the law of congress has authorized.   Now, in this case, it is very clear when the 615th section authorized a case to be transferred from one circuit "into

the circuit court of the next adjoining state, or the next adjoining circuit court," that it was the intention to give all the powers necessary in order to carry the litigation between the parties into judgment or decree. Notwithstanding the statute merely refers to and authorizes "the proper process for the due execution of the judgment or the decree rendered in the cause" to run into the district from which the cause was removed, it is apparent that unless the court has the power necessary, and which often must be exercised by courts in order to *reach* the judgment or decree, that there never could be any process issued to execute the decree or judgment. It is, therefore, one of those cases where the power is necessarily implied from the express declaration of powers given, and without which the latter powers might never be called into exercise.